FILED

AUG 19 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Cooleridge Bell Bey a.k.a. Carlton Bell,   )
                                    )
        Plaintiff,                  )
                                      )      Civil Action No.  19-615 (UNA)
                                      )
                                      )
United States of America *et al.*,       )
                                      )
        Defendants.              )

## <u>MEMORANDUM OPINION</u>

At the request of the government, the United States Court of Appeals for the District of Columbia Circuit vacated plaintiff's conviction on September 8, 2014, and then remanded the case to the District Court to dismiss the indictment. *United States of America v. Bell*, No. 11-3018 (D.C. Cir. Sept. 8, 2014).  The District Court dismissed the indictment on December 16, 2014. *United States of America v. Bell*, No. 07-cr-153 (D.D.C.), ECF No. 858.

In this action filed *pro se*, Plaintiff has sued the United States, as well as Senior U.S. District Judge Thomas F. Hogan, who presided over the criminal proceedings; Assistant United States Attorney (AUSA) Anthony Scarpelli, who is listed in the criminal docket as one of the prosecuting attorneys; and John A. Briley, Jr., who is listed in the criminal docket as one of the attorneys appointed under the Criminal Justice Act to represent Plaintiff. *See* Compl. at 4-5 [Dkt. # 2] (listing defendants).  Plaintiff, a resident of New York, New York, seeks $5 million "in Credit [a]nd/or 5 million lawful monies" and recoupment of "all fines charged to me during my incarceration," *id.* at 4, between 2009 and 2014, *see id.* at 5.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires

complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The rule further assists the court in determining whether it has jurisdiction over the subject matter.

A complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, [as] will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Plaintiff's wide-ranging allegations suffer from such defects. In addition, Plaintiff has not specified a basis for his claims, alleged facts of specific wrongdoing, and stated the capacity in which each individual defendant is being sued. To the extent that Plaintiff is seeking damages for "unjust conviction and imprisonment," 28 U.S.C. § 1495, his recourse lies "against the United States" in the Court of Federal Claims. *Id.* The interests of justice would not be served by transferring the complaint in its present form. Consequently, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: August __16__, 2019

_____
United States District Judge

2